DA 07-0294

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 171N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

PASCAL REDFERN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-06-203
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Pascal Redfern, Pro Se; Missoula, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General; Helena, Montana

      Mitch Young, Lake County Attorney; Polson, Montana

Submitted on Briefs:  March 19, 2008

Decided:  May 13, 2008

Filed:

_____
              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Redfern was convicted in Justice Court for violating § 61-5-212, MCA, driving with a suspended license, and § 61-6-302, MCA, failing to carry proof of insurance. He appealed both convictions to the District Court. When Redfern failed to appear at a status conference, the State moved to dismiss the appeal pursuant to § 46-17-311(5), MCA. The District Court granted the State's motion to dismiss the appeal. Redfern appeals the District Court's decision.

¶3     Section 46-17-311(5), MCA, provides:

> If, on appeal to the district court, the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal . . . . Upon dismissal, the appealed judgment is reinstated and becomes the operative judgment.

Redfern did not provide the District Court with "good cause" for his absence; rather, he admitted he "had totally forgotten about [the] conference." Redfern chose to proceed pro se, and will be held to the same standards applied to attorneys. *State v. Lance*, 222 Mont. 92, 109, 721 P.2d 1258, 1270 (1986). Since Redfern did not make the requisite showing

of good cause for his failure to appear, the District Court did not err in dismissing his appeal.

¶4     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.  The District Court did not err in dismissing Redfern's complaint pursuant to § 46-17-311(5), MCA, for failing to appear at a scheduled court date.  We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE